Filed 6/14/24  P. v. Eugene CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081115 |
| v. | (Super.Ct.No. RIF1770138) |
| MARCUS COLUMBUS EUGENE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Lynne G. McGinnis, and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

1

Marcus Columbus Eugene appeals from an order denying his petition to vacate his murder conviction and to be resentenced under Penal Code section 1172.6. (Unlabeled statutory citations refer to the Penal Code.) We affirm.

BACKGROUND

Following a trial in February 2018, a jury convicted Eugene of first degree murder (§ 187, subd. (a)) and active participation in a criminal street gang (§ 186.22, subd. (a)). The jury found true that the murder was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(A)) and that a principal personally and intentionally discharged a firearm causing great bodily injury or death to a non-accomplice (§ 12022.53, subds. (d) & (e)). The trial court sentenced Eugene to 50 years to life in state prison—25 years to life for the murder count and 25 years to life for the firearm enhancement.

In December 2022, Eugene filed a petition for resentencing under section 1172.6. At the prima facie hearing on Eugene's petition, the People argued that Eugene was ineligible for relief under section 1172.6, because the jury was not instructed on the natural and probable consequences doctrine, felony murder, or any other theory under which malice is imputed. Defense counsel agreed that the jury was not instructed on those theories and submitted on the petition. The trial court concluded that Eugene was "statutorily ineligible" and denied the petition.

DISCUSSION

Eugene argues that the trial court prejudicially erred by failing to review the record of conviction before denying his petition. We conclude that any error was harmless.

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) narrowed the first degree felony-murder rule and eliminated the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 also created a procedural mechanism for retroactive application of those changes in the law to defendants who were convicted of murder under prior law but could not be convicted under current law. (§ 1172.6; *People v. Curiel* (2023) 15 Cal.5th 433, 511 (*Curiel*).)

Upon the filing of a facially sufficient petition under section 1172.6, the trial court must appoint counsel for the petitioner if requested, permit the People to file a response and the petitioner to file a reply, and determine whether the petitioner has made a prima facie showing of entitlement to relief. (§ 1172.6, subd. (c); see generally *People v. Lewis* (2021) 11 Cal.5th 952, 971-972 (*Lewis*).) In conducting the prima facie review, the court treats the petitioner's factual allegations as true and makes a preliminary assessment of whether the petitioner would be entitled to relief if those allegations were proved. (*Lewis*, at p. 971.) But if the record of conviction refutes the petitioner's allegations by

3

"establish[ing] conclusively that the [petitioner] is ineligible for relief," then "the trial court may dismiss the petition." (*Curiel*, *supra*, 15 Cal.5th at p. 511.)

We independently review a trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113.)

Eugene's record of conviction demonstrates that he is ineligible for relief as a matter of law. Eugene's jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory under which malice is imputed. Eugene points out that the jury did not find that he "intentionally and personally discharged a firearm causing great bodily injury and death of the victim," and he argues on that basis that it was not clear that he was the actual shooter. But the jury instructions confirm that Eugene was found guilty of first degree murder as either a direct perpetrator or a direct aider and abettor, because the jury was not instructed on any other theories of liability. Eugene was therefore convicted on a theory that remains valid under current law, so he is ineligible for relief under section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 710.) Consequently, insofar as the trial court erred by failing to review the record of conviction, the error was harmless because there is no reasonable probability that Eugene would have obtained a more favorable result in the absence of the error. (*Lewis*, *supra*, 11 Cal.5th at p. 974; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

4

DISPOSITION

The order denying Eugene's petition under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

MILLER
        ACTING P. J.

CODRINGTON
                J.